UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY MEEKS,

        Petitioner,

v.                                                  Case No. 08-C-174

STATE OF WISCONSIN,

        Respondent.

**ORDER**

        On February 27, 2008, Jerry Meeks filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of felony murder—armed robbery and habitual criminality and was sentenced to 40 years imprisonment. He is currently incarcerated at Columbia Correctional Institution.

        I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

An application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted).

In his petition for federal habeas review, Meeks asserts two claims, one challenging the state court's determination of his competency to stand trial, and the other alleging that the duration of his sentence exceeds the lawful maximum sentence for the crimes of which he was convicted. It appears that while Meeks has exhausted his state remedies as to his first claim on direct appeal, he has not exhausted available state remedies as to his second claim regarding the length of his sentence. Meeks first challenged the duration of his sentence in a petition for habeas relief in Milwaukee County Circuit Court on January 18, 2008. While Meeks claims that his petition before the circuit court is still pending, he has attached the court's decision dated January 24, 2008 denying relief. Nonetheless, it appears that Meeks has not properly presented this claim through a complete

2

Case 1:08-cv-00174-PJG   Filed 03/13/08   Page 2 of 3   Document 3

round of the state's established appellate review process, as required to exhaust his claim. *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

Generally, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim, notwithstanding *Rose. Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds*, *Artuz v. Bennett*, 531 U.S. 4 (2000). Here, it appears that the petitioner is quite close to the one-year statute of limitations under AEDPA. Thus, I will not dismiss this case.

In a situation like this, the petitioner has two options. He may either (1) have this case stayed while he pursues his unexhausted claim in state court, or (2) he may abandon the claim he has not exhausted regarding the duration of his sentence and proceed in this case with his exhausted claim the state court erred in finding him competent to stand trial. The petitioner is ORDERED to inform this court as to which of the two options he wishes to pursue. He must file such notice within 30 days of the date of this order.

Dated this   13th   day of March, 2008.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge