UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY MEEKS,

        Plaintiff,

  v.                                                             Case No. 08-C-174

STATE OF WISCONSIN,

        Defendant.

## ORDER

        On February 27, 2008, Jerry Meeks filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In his petition, Meeks asserts two claims, one challenging the state court's determination of his competency to stand trial, and the other alleging that the duration of his sentence exceeds the lawful maximum sentence for the crimes of which he was convicted. In a habeas screening order, issued March 13, 2008, the court noted that although it appears Meeks has exhausted his state remedies as to his first claim on direct appeal, he has not exhausted available state remedies as to his second claim regarding the length of his sentence. He first challenged the duration of his sentence in a petition for habeas relief in Milwaukee County Circuit Court on January 18, 2008, but has not properly presented this claim through a complete round of the state's established appellate review process, as required to exhaust his claim. *Carey v. Saffold*, 536 U.S. 214, 220 (2002).

        Meeks has now filed a motion to have this case stayed while he pursues his unexhausted claim in state court. Generally, a petition for writ of habeas corpus should be dismissed if state

remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim, notwithstanding *Rose*. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), overruled on other grounds, *Artuz v. Bennett*, 531 U.S. 4 (2000). Here, it appears that Meeks is quite close to the one-year statute of limitations under AEDPA. Accordingly, I conclude that Meeks' motion for a stay should be granted to allow him to exhaust state court remedies as to his claim challenging the duration of his sentence. *See Tinker v. Hanks*, 172 F.3d 990, 991 (7th Cir. 1999).

This matter will be stayed until further order of the court, and the clerk shall administratively close the file. Meeks is to promptly seek exhaustion as to his unexhausted claim and notify the court upon his having done so. In the event Meeks fails to exhaust his state court remedies within the next six months, the case will be dismissed without further notice unless Meeks shows cause why he has not exhausted all available state court remedies by that time.

**SO ORDERED** this __31st__ day of March, 2008.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

2