UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY MEEKS,

        Petitioner,

  v.                                          Case No. 08-C-0174

STATE OF WISCONSIN,

        Respondent.

**ORDER**

On February 27, 2008, Jerry Meeks filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. In his petition for federal habeas review, Meeks asserted two claims, one challenging the state court's determination of his competency to plead guilty, and the other alleging that the duration of his sentence exceeds the lawful maximum sentence for the crimes of which he was convicted. However, the Court found that Meeks had failed to exhaust his remedies in state court as to his claim challenging the length of his sentence. At Meeks request, the Court then ordered this proceeding stayed to allow Meeks to pursue his unexhausted claim in state court. Meeks has now filed a letter requesting that he be allowed to abandon his claim regarding the duration of his sentence. Accordingly, this claim will be dismissed. Meeks has indicated that he wishes to proceed at this time with his claim that the state court erred in determining that he was competent when he entered his guilty plea. Meeks claims that the state court erred in determining his competency by

failing to properly consider his medical records.[1] (Pet. 7.) In support of his petition, he has reproduced and submitted several records maintained by his psychiatrists from September 2000 through January 2004. (Meeks Aff. Exs. 1-18.) Therefore, the stay will be lifted, and I will screen his remaining claim in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which provides,

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Meeks was convicted in Milwaukee County Circuit Court in 2000 on his guilty plea to felony murder—armed robbery and habitual criminality and was sentenced to 40 years imprisonment. He remains incarcerated at Columbia Correctional Institution. Much of the factual and procedural background of this case has been laid out in the opinion of the Wisconsin Supreme Court addressing Meeks' direct appeal, *State v. Meeks*, 2003 WI 104, ¶¶ 3-11, 263 Wis. 2d 794, 666 N.W.2d 859. In short, trial counsel first raised the issue of Meeks' competency ten days after his initial appearance. The circuit court ordered a competency examination pursuant to Wis. Stat. § 971.14(2), determined that Meeks was not competent, and committed him to the Department of Health and Family Services for treatment. At a subsequent competency hearing after Meeks had received treatment, the circuit court determined that Meeks was competent to proceed. The court's determination of competency was based in part upon the testimony of Meeks' former attorney as to her opinions, perceptions and impressions of his competency during previous, unrelated cases.

---

[1] I liberally construe Meeks' present claim to allege, as he did before the state court of appeals, that the court did not accurately weigh the medical evidence before it in determining his competency. *State of Wisconsin v. Meeks*, No. 2005AP1172-CR, ¶ 13 (Wis. App. Mar. 27, 2007). Thus, I find he has exhausted his state remedies as to this claim.

On direct appeal, Meeks challenged the admissibility of his former attorney's statements, and the Wisconsin Supreme Court held that the testimony of Meeks' former attorney at his competency hearing violated the attorney-client privilege set forth in Wis. Stat. § 905.03 and SCR 20:1.6. The case was remanded to the circuit court to conduct a competency hearing nunc pro tunc as to Meeks' competency to proceed as of January 4, 2000. On remand, the circuit court held an evidentiary hearing, and concluded that Meeks was competent when he pled guilty. Meeks' filed a second appeal and the court of appeals affirmed the circuit court's determination of competency. On May 22, 2007, the Wisconsin Supreme Court denied review. Meeks filed a subsequent motion for postconviction relief in state court, but this was denied because it raised the same challenge to the competency determination addressed in Meeks' second appeal. Meeks has now asserted his challege to the state court's competency determination as a ground for federal habeas relief.

It appears from the petition that Meeks has stated a colorable claim for relief under 28 U.S.C. § 2254. The "conviction of an accused person while he is legally incompetent violates due process." *Pate v. Robinson*, 383 U.S. 375, 378 (1966). The standard for competence to plead guilty is the same as that to stand trial, and requires that a defendant have "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and [] 'a rational as well as factual understanding of the proceedings against him.'" *Godinez v. Moran*, 509 U.S. 389, 397-99 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). While Meeks does not dispute that the state court applied the correct legal standard in determining his competency, he does claim that the state court failed to meaningfully analyze his medical records. In other words, he alleges that the court based its decision on an unreasonable determination of the facts.

3

Of course, state court findings are afforded substantial deference in federal habeas proceedings. In evaluating an application for habeas corpus pursuant to the judgment of a state court, facts determined by the state court are presumed to be correct, and the applicant is burdened with rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Moreover, "[a]n after-the-fact state-court inquiry into competency to stand trial is subject to § 2254(d) deference." *Matheney v. Anderson*, 377 F.3d 740, 747 (7th Cir. 2004) (citing *Young v. Walls*, 311 F.3d 846, 848-49 (7th Cir. 2002)); *see also Thompson v. Keohane*, 516 U.S. 99, 111 (1995) (noting that a determination of competency is a finding of fact). Thus, Meeks has a heavy burden in establishing a right to relief. But I cannot determine from the face of the petition that he is not entitled to relief. Accordingly, the case will be allowed to proceed.

**THEREFORE, IT IS ORDERED** that the stay of this matter is hereby lifted.

**IT IS FURTHER ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**IT IS FURTHER ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this __24th__ day of July, 2008.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge